B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sam S. Leslie, Chapter 7 Trustee | **DEFENDANTS**<br>Alan F. Broidy, An Individual;<br>and Heather B. Broidy, An Individual; |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gonzalez & Gonzalez Law, P.C.<br>530 S. Hewitt Street Suite 148<br>Los Angeles, CA 90013 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>(1) For Turnover of Property to 11 U.S.C. 542 ; (2) Unjust Enrichment/Restitution; and (3) Declaratory/Injunctive Relief. ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Clotrimazole, Inc., | BANKRUPTCY CASE NO.<br>2:18-bk-10808-BB |||
| DISTRICT IN WHICH CASE IS PENDING<br>Los Angeles | DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ROSENDO GONZALEZ (State Bar No. 137352)
ZACHARY I. GONZALEZ (State Bar No. 316577)
GONZALEZ & GONZALEZ LAW, P.C.
530 S. Hewitt St., Suite 148
Los Angeles, California 90013
Telephone (213) 452-0070
Facsimile (213) 452-0080
E-mail: rossgonzalez@gonzalezplc.com

Counsel for Sam S. Leslie,
Chapter 7 Trustee and Plaintiff

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | BK. No. 2:18-bk-10808-BB |
| | [Chapter 7] |
| CLOTRIMAZOLE, INC., | |
| Debtor. | |
| | Adv. No. _____ |
| SAM S. LESLIE, Chapter 7 Trustee, | |
| Plaintiff, | COMPLAINT FOR: |
| v. | (1) FOR TURNOVER OF PROPERTY TO 11 U.S.C. § 542; |
| ALAN F. BROIDY, An Individual; and, HEATHER B. BROIDY, An Individual; | (2) UNJUST ENRICHMENT/ RESTITUTION; AND, |
| Defendants. | (3) DECLARATORY/INJUNCTIVE RELIEF. |

Sam S. Leslie, the Chapter 7 trustee in this bankruptcy case and the plaintiff in this adversary proceeding, respectfully represents and alleges as follows:

///

S:\home\3737\3737.030.complaint.wpd
5/1/19 RG                                -1-

# JURISDICTION/VENUE/PARTIES

1.  This adversary proceeding arises in and relates to bankruptcy case, titled *In re Clotrimazole, Inc.*, bankruptcy case number no. 2:18-bk-10808-BB, which is presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.  The venue is proper in this district pursuant to 23 U.S.C. § 1409.

4.  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). This Court can and should enter a final judgment herein.

5.  Sam S. Leslie is the duly appointed and acting Chapter 7 trustee in this bankruptcy case and the plaintiff in this adversary proceeding (the "Plaintiff" or the "Trustee").

6.  Alan F. Broidy is an individual and a defendant in this adversary proceeding ("A. Broidy").

7.  Helen B. Broidy is an individual and defendant in this adversary proceeding ("H. Broidy"). It is the Trustee's understanding that H. Broidy is A. Broidy's spouse.

8.  It is also the Trustee's understanding that A. Broidy and H. Broidy (collectively, the "Defendants"), are presently in possession and occupying the real property commonly described as 953 Schumacher Drive, Los Angeles, California 90048 (the "Property").

///

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

9. This bankruptcy case was commenced by the filing by Clotrimazole, Inc. (the "Debtor") of a voluntary Chapter 7 petition under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on January 25, 2018 [OFFICIAL DOCKET NO. 1].

10. Prior to the commencement of this bankruptcy case and on December 20, 2017, the Debtor filed the articles of incorporation with the California Secretary of State (the "Debtor's Articles"). A copy of the Debtor's Articles is attached hereto and is incorporated herein as Exhibit "1."

11. A. Broidy is identified as the agent for service of process for the Debtor. *See*, Section 3a of the Debtor's Articles.

12. It appears, based on the records with the California Secretary of State, that a statement of information has not been submitted for the Debtor. A business search summary for the California Secretary of State in relation to the Debtor is attached hereto and is incorporated herein as Exhibit "2."

13. In the Debtor's petition, it identified A. Broidy as the Debtor's president and as the attorney of record for the Debtor. *See*, Sections 17 and 18, page 3 of the Debtor's bankruptcy petition [OFFICIAL DOCKET NO. 1].

14. Sam S. Leslie was appointed as the Chapter 7 trustee [OFFICIAL DOCKET NO. 2].

///
///
///

15. The initial meeting of creditors was set for February 28, 2018 [OFFICIAL DOCKET NO. 1]. It has been continued numerous times (i.e., 13 times), but a representative of the Debtor has so far not appeared.

16. The Debtor has not filed the schedules and statement of financial affairs [OFFICIAL DOCKET NO. 1]. As a result, on February 7, 2018, the Trustee filed and served a notice of intent to administer case and requesting that the Clerk's Office not dismiss this bankruptcy case due to failure to cure deficiencies (the "Trustee's Request")[OFFICIAL DOCKET NO. 7].

17. On February 14, 2018, an order was entered by this Court granting the Trustee's Request [OFFICIAL DOCKET NO. 16].

18. It should be noted that at no time has the Debtor disclosed the existence of any unexpired lease agreement or executory contract with respect to the Property.

19. On February 7, 2018, Standard Oil Credit Holding Group, LLC ("Standard Oil") filed a motion for relief from the automatic stay with respect to the Property ("Standard Oil's Motion for Relief")[OFFICIAL DOCKET NO. 8].

20. In Standard Oil's Motion for Relief, it represented that: (i) there was a loan, secured by the Property, that had matured on November 1, 2016, (ii) there was an unpaid claim as of February 5, 2018, in the amount of $232,209.50, and (iii) a notice of default had been recorded on November 16, 2016. *See*, Sections 8 and 9, page 7 of Standard Oil's Motion for Relief [OFFICIAL DOCKET NO. 8].

///

///

21. On March 13, 2018, the Trustee filed an application to employ Rodeo Realty, Inc. as his broker to market the Property for $2.1 million [OFFICIAL DOCKET NO. 25]. That application was granted by this Court by an order entered on April 17, 2018 [OFFICIAL DOCKET NO. 37].

22. On June 14, 2018, U.S. Bank National Association ("US Bank") filed a motion for relief from the automatic stay with respect to the Property ("US Bank's Motion for Relief")[OFFICIAL DOCKET NO. 43].

23. In US Bank's Motion for Relief, it represented that: (i) there was an unpaid claim as of April 25, 2018, in the amount of $715,657.29, and (ii) a notice of default had been recorded on September 9, 2017. *See*, Sections 8 and 9, page 7 of US Bank's Motion for Relief [OFFICIAL DOCKET NO. 43].

24. US Bank further represented that there were twenty (20) monthly payments each in the amount of $5,643,68 that had been accrued as of April 25, 2018, in the collective amount of $112,815.13. *See*, Section 11, page 8 of US Bank's Motion for Relief [OFFICIAL DOCKET NO. 43].

25. On December 24, 2018, Fashion Trade Marks Corporation ("Fashion Trade") filed a motion for relief from the automatic stay with respect to the Property ("Fashion Trade's Motion for Relief")[OFFICIAL DOCKET NO. 66].

26. In Fashion Trade's Motion for Relief, it represented that: (i) there was a loan, secured by the Property, that had matured on December 14, 2016, and (ii) there was an unpaid claim as in the amount of $741,643.83. *See*, Section 8, page 7 of Fashion Trade's Motion for Relief [OFFICIAL DOCKET NO. 66].

27. On March 27, 2019, the Trustee filed and served a motion seeking the approval of the sale agreement entered with Blanche Family, a Limited Partnership (the "Purchaser") for the Property for the amount of two-million-two-hundred-fifty-thousand dollars and no cents ($2,250,000.00)(the "Purchase Agreement"), pursuant to Section 363 of the Bankruptcy Code (the "Trustee's Sale Motion")[OFFICIAL DOCKET NO. 97].

28. As set forth in detail in the Trustee's Sale Motion, the debts of Standard Oil, US Bank, Fashion Trade, Lending 1st Mortgage [now assigned to Bank of New York Mellon - Specialized Loan Servicing, as well as a Federal tax lien and property taxes are to be paid from the proceeds of the sale of the Property upon closing of escrow.

29. On April 22, 2019, A. Broidy submitted an objection to the proposed order for the Trustee's Sale Motion, contending that an adversary proceeding was required to force A. Broidy to vacate the premises and representing that he was willing to voluntarily vacate "any time after June 30, 2019" ("Broidy's Objection") [OFFICIAL DOCKET NO. 106].

30. In Broidy's Objection, he did not disclose the existence of any lease agreement or executory contract with respect to the Defendants' occupancy of the Property. Furthermore, A. Broidy did not disclose or identify making any type of payment for any of the debts secured by the Property or for the rental value of occupying the Property.

///

///

///

31. In fact, and as since the commencement of this bankruptcy case, the Trustee has not received any payment from the Defendants for the rental value of occupying the Property or for any of the debts secured by the Property.

32. On April 23, 2019, an order was entered by this Court approving the Trustee's Sale Motion (the "April 2019 Order") [OFFICIAL DOCKET NO. 107].

33. In view of the April 2019 Order, counsel for the Trustee, counsel for A. Broidy, the Trustee's real estate broker, the Purchaser's real estate broker and the Purchaser attempted to resolve the present situation for the Defendants to promptly vacate the Property in view of the May 8, 2019 closing date for escrow. However, those efforts have been unsuccessful in view of the Defendants' continuing refusal to vacate prior to June 30, 2019.

34. Obviously, escrow will not be able to close until title and possession for the Property is delivered to the Purchaser. Hence, time is of the essence for the turnover of the Property.

**FIRST CAUSE OF ACTION**

**(For Turnover of Property - Against**

**Broidy - Pursuant to 11 U.S.C. § 542)**

35. The Plaintiff repeats the allegations in paragraphs 1 through 34 with the same effect as if set forth here.

36. The Property is presently property of this bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

37. On April 23, 2019, the April 2019 Order was entered approving the sale of the Property [OFFICIAL DOCKET NO. 107].

38. However, the Defendants are refusing to vacate the Property until "after June 30, 2019." *See*, Broidy's Objection [OFFICIAL DOCKET NO. 106].

39. Pursuant to Section 542(e) of the Bankruptcy Code, the Trustee is entitled to an order for the turnover of the Property by the Defendants.

### SECOND CAUSE OF ACTION

### (For Unjust Enrichment/Restitution -

### Against the Defendants)

40. The Plaintiff repeats the allegations in paragraphs 1 through 39 with the same effect as if set forth here.

41. As set forth in the motions for relief from stay filed by Standard Oil, US Bank and Fashion Trade, the Defendants have not paid any money with respect to the debts secured by the Property.

42. As set forth in the Trustee's Sale Motion, the Defendants have not paid any money with respect to the recorded Federal lien, property taxes or rental value (since at least the commencement of this bankruptcy case) for the Property.

43. The Trustee, on behalf of the bankruptcy estate, is entitled to recover from the Defendants the rental value of the Property and/or the interest accrued on the debts secured by the Property since the commencement of this bankruptcy case to the

///

present. Said amount will be determined at trial in this adversary proceeding.

### THIRD CAUSE OF ACTION

### (For Declaratory/Injunctive Relief - Against the Defendants)

44. The Plaintiff repeats the allegations in paragraphs 1 through 43 with the same effect as if set forth here.

45. In Broidy's Objection, he represents that the Defendants will voluntarily vacate the Property at "any time after June 30, 2019" [OFFICIAL DOCKET NO. 106].

46. In view of the April 2019 Order, counsel for the Trustee, counsel for A. Broidy, the Trustee's real estate broker, the Purchaser's real estate broker and the Purchaser attempted to resolve the present situation for the Defendants to promptly vacate the Property in view of the May 8, 2019 closing date for escrow. However, those efforts have been unsuccessful in view of the Defendants' continuing refusal to vacate prior to June 30, 2019.

47. Escrow will not be able to close until title and possession for the Property is delivered to the Purchaser.

48. If escrow for the sale of the Property is not able to promptly close by May 8, 2019, the bankruptcy estate will incur additional costs and expenses, including the accrued interest on the debts secured by the Property, as well as the danger of losing the Purchaser's sale.

///

///

49.  The Trustee contends and asserts that there is evidence establishing that if injunctive relief is not promptly granted for the turnover of the Property, there will irreparable harm to the bankruptcy estate.

50.  The Trustee contends and asserts that it is likely and probable that the bankruptcy estate will prevail in this adversary proceeding against the Defendants.  There has been no evidence, showing or even a contention presented by the Defendants that there are any defenses to vacating and turning over the Property to the Trustee.

51.  The Trustee contends and asserts that harm to the bankruptcy estate outweighs any harm to the Defendants.

52.  The Trustee contends and asserts that the public interest will be served by granting the proposed relief in view of the entered order approving the sale of the Property as well as the Defendants' ongoing refusal and failure to pay any money with respect to the Property since at least from the commencement of this bankruptcy case (and possibly since 2016).  There is simply no justification for occupying the Property without paying anything for years.

53.  That improper and continued occupancy will result in a clear and monetary harm to the bankruptcy estate.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

1.  On the First Cause of Action for the turnover of the Property;

2.  On the Second Cause of Action to recover money for unjust enrichment and/or restitution;

3. On the Third Cause of Action for declaratory injunctive relief;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: May 1, 2019

GONZALEZ & GONZALEZ LAW
Professional Corporation

By: _____
ROSENDO GONZALEZ
Counsel for Sam S. Leslie, Chapter 7 Trustee and Plaintiff

# EXHIBIT 1

| ARTS-GS | Articles of Incorporation of a General Stock Corporation |
|---|---|

To form a **general stock corporation** in California, you can fill out this form or prepare your own document, and submit for filing along with:

- A **$100** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form or document.

*Important!* Corporations in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

Note: *Before submitting the completed form, you should consult with a private attorney for advice about your specific business needs.*

FILED
Secretary of State
State of California
DEC 20 2017

This Space For Office Use Only

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**Corporate Name** (List the proposed corporate name. Go to www.sos.ca.gov/business/be/name-availability.htm for general corporate name requirements and restrictions.)

① The name of the corporation is **Clotrimazole, Inc.**

**Corporate Purpose**

② The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your corporation is sued. You may list any adult who lives in California. You may **not** list your own corporation as the agent. Do not list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

③ a. **Alan Broidy**
   *Agent's Name*

   b. **1875 Century Park E, #700**    **Los Angeles**    **CA**  **90067**
   *Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box*  *City (no abbreviations)*  *State*  *Zip*

**Corporate Addresses**

④ a. **1875 Century Park E, #700**    **Los Angeles**    **CA**  **90067**
   *Initial Street Address of Corporation - Do not list a P.O. Box*  *City (no abbreviations)*  *State*  *Zip*

   b. _____
   *Initial Mailing Address of Corporation, if different from 4a*  *City (no abbreviations)*  *State*  *Zip*

**Shares** (List the number of shares the corporation is authorized to issue. Note: Before shares of stock are sold or issued, the corporation must comply with the Corporate Securities Law of 1968 administered by the California Department of Business Oversight. For more information, go to www.dbo.ca.gov or call the California Department of Business Oversight at (866) 275-2677.)

⑤ This corporation is authorized to issue only one class of shares of stock.
   The total number of shares which this corporation is authorized to issue is    **100000**    .

This form must be signed by each incorporator. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of incorporation.

▶ _____    **Ken Nathanson**
*Incorporator - Sign here*    *Print your name here*

| Make check/money order payable to: **Secretary of State** | **By Mail** | **Drop-Off** |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State Business Entities, P.O. Box 944260 Sacramento, CA 94244-2600 | Secretary of State 1500 11th Street, 3rd Floor Sacramento, CA 95814 |

Corporations Code §§ 200-202 et seq., Revenue and Taxation Code § 23153
ARTS-GS (REV 03/2014)

2014 California Secretary of State
www.sos.ca.gov/business/be

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

530 S. Hewitt Street #148, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*): **COMPLAINT FOR: (1) FOR TURNOVER OF PROPERTY TO 11 U.S.C. § 542; (2) UNJUST ENRICHMENT/ RESTITUTION; AND, (3) DECLARATORY/INJUNCTIVE RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 1, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alan F Broidy    alan@broidylaw.com, sherrie@broidylaw.com
- Theron S Covey    tcovey@rasflaw.com, CAECF@tblaw.com
- Darren J Devlin    darren@resolutionfunding.net
- Bryan Diaz    bryan@bryandiazlaw.onmicrosoft.com
- Sean C Ferry    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Rosendo Gonzalez    rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com
- Ira Benjamin Katz    IKatz@katzlaw.net, ikatz@ecf.inforuptcy.com
- Sam S Leslie (TR)    sleslie@trusteeleslie.com, sleslie@ecf.axosfs.com;trustee@trusteeleslie
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, aparisi@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**:

On (*date*) **May 1, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED LIST**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 1, 2019 | Jocelyne Zavala | /s/ Jocelyne Zavala |
|---|---|---|
| Date | Printed Name | Signature |

S:\home\3737\3737.030.complaint.wpd
5/1/19 RG                                        -12-

**ADDITIONAL SERVICE INFORMATION**

**SERVED VIA U.S. MAIL:**

**Debtor**
Clotrimazole, Inc.
1875 Century Park East, 7th Fl.
Los Angeles, CA 90067

**Bankruptcy Judge**
The Honorable Sheri Bluebond
United States Bankruptcy Court
255 East Temple St., Suite 1534
Los Angeles, CA 90012

Defendant
Alan F. Broidy
953 Schumacher Drive
Los Angeles, Ca 90048

LEA Accountancy, LLP
3435 Wilshire Boulevard
Suite 990
Los Angeles, CA 90010

S:\home\3737\3737.030.complaint.wpd
5/1/19 RG                                     -13-